IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL RAY REEVES,            )
                               )
                   Petitioner, )
                               )
                               )
vs.                            )   Case No. 3:12-cv-00630-DRH
                               )
MIKE ACTHISON,                 )
                               )
                   Respondent. )

## MEMORANDUM AND ORDER

**Herndon, Chief Judge:**

Petitioner challenges his 2007 Massac County Illinois convictions for kidnapping and sexual assault. The petition filed with the Court[1] challenges his conviction based on twelve separate grounds, including ineffective assistance of counsel and denial of a fair trial.

Petitioner cannot proceed with his present federal habeas corpus petition until he has exhausted his claims before the state courts. *Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009). This includes appealing adverse rulings to both the Appellate Court of Illinois and Supreme Court of Illinois. *Bland v. Hardy*, 672 F.3d 445, 449 (7th Cir. 2012) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999)). Petitioner states that he has not fully exhausted his state court remedies

---

[1] Petitioner filed a thirty-five page petition using forms provided by this Court. See Doc. 1. Petitioner has also filed hundreds of pages of exhibits. *See* Docs. 1-1 – 1-6. These exhibits are premature and have not been reviewed by the Court.

1

with respect to eleven of the twelve stated grounds for relief.  *See* Doc. 1. Petitioner claims he has exhausted state court remedies with respect to Ground 8; denial of a speedy trial.

The appropriate remedy is to dismiss the federal habeas corpus petition for failure to exhaust pending state court remedies. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).  Accordingly, the Court will dismiss all grounds stated in the petition except for ground eight.  The Court notes that a dismissal without prejudice, instead of staying the petition, is appropriate.

**Disposition**

Grounds one through seven and nine through twelve are **DISMISSED** without prejudice.

With respect to Ground 8:

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered.  This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness it may wish to present.  Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 28, 2012.**

Digitally signed by David R. Herndon
Date: 2012.08.28 11:14:11 -05'00'

**Chief Judge
United States District Court**

3