IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL RAY REEVES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No.: 3:12-cv-00630-DRH-PMF |
| | ) |
| MIKE ATCHISON, Warden, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court is Petitioner Michael Reeves' § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1). A response is on file (Doc. No. 9). Petitioner has filed his reply and a supplement to the reply (Doc. No. 10, 15). For the following reasons, it is recommended that Count 8 of the Petition for Writ of Habeas Corpus be denied.

On May 10, 2012, Reeves filed a *pro se* petition pursuant to 28 U.S.C. § 2254. The Court screened the petition pursuant to 28 U.S.C. § 2254 (Rule 4). Pursuant to the Order entered on August 28, 2012, Reeves is proceeding on Count 8, alleging that his convictions are invalid because he was deprived of his right to a speedy trial following remand from the Illinois Appellate Court (Doc. No. 4).

In 2000, Reeves fled to Nevada after facing multiple charges in Massac County and Johnson County, Illinois. He was convicted of additional offenses (discharging a firearm into a building, resisting a public officer with a dangerous weapon, and possession of a stolen vehicle) while in Nevada. Reeves was returned to Illinois early in 2001, where he was convicted in the Circuit Court of Massac County on one count of aggravated kidnapping, two counts of criminal

sexual assault, and one count of aggravated criminal sexual activity. *People v. Reeves*, No. 00 CF 91. *See* Doc.1 at 10-11. After his trial, Petitioner was returned to Nevada to serve his prison sentence for his convictions there. *Id*. at 2-4, 6-12, 14-15. In 2003, the Illinois Appellate Court reversed Reeve's convictions and remanded the case for a new trial on the grounds that the trial court had improperly denied him the opportunity to present an insanity defense. *Id*. at 15-21. Reeves was returned to Illinois following the Illinois Appellate Court's decision. Upon his return, Reeves exhausted all state remedies for habeas corpus relief. *Id*. at 3, 5.

Reeves was retried on December 14, 2007, and was again found guilty on all four counts. He was sentenced to serve an aggregate fifty-two years in prison. Reeves appealed, arguing that he had been deprived of his right to a speedy trial and that the evidence of guilt was insufficient to support one count of aggravated criminal sexual assault. The Illinois Appellate Court evaluated the particular circumstances in light of the four *Barker* factors and affirmed the convictions. *People v. Reeves*, No. 5-08-0181 (Nov. 14, 2011). The Illinois Supreme Court denied a petition for leave to appeal.

In Count 8, Petitioner alleges he was denied his constitutional right to a speedy trial after a remand from the Illinois Appellate Court for a re-trial. Petitioner states that, "the Appellate mandate was filed in the trial court on November 3, 2003. I was not returned to Illinois until February 13, 2006, which was a delay of 833 days by the State. The re-trial did not start until December 11, 2007, which was a delay of 651 days." (Doc. No. 1, p. 23).

Both parties cite to *Barker v. Wingo*, 407 U.S. 514 (1972) as support for a finding that the state court reasonably or unreasonably resolved Reeve's speedy trial claim. In *Barker*, the Supreme Court established a balancing test, listing four factors which could structure the inquiry when courts are faced with a possible violation of the right to a speedy trial. Those factors to

consider are: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of his speedy trial right; and (4) prejudice to the defendant. *Id*. at 530.

Reeves is entitled to habeas corpus relief if he demonstrates that the Illinois Appellate Court's decision was contrary to, or involved an unreasonable application of Supreme Court precedent, or if the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. 28 U.S.C. §2254(d)). "The burden is on the petitioner to show that the state court's determination of fact or its application of federal law was unreasonable." *Sturgeon v. Chandler*, 552 F.3d 604, 609 (7th Cir. 2009). An unreasonable application of federal law occurs when a state court correctly identifies the governing law but applies the law to the facts in an unreasonable manner. *Id.* at 709. "The decision must not only be incorrect, but so incorrect that it lies outside the range of reasonable conclusions." *Jones v. Wallace*, 525 F.3d 500, 503 (7th Cir. 2008).

Respondent asserts that Reeve's habeas claim does not satisfy this deferential standard because the state court reasonably concluded that his speedy trial right was not violated in these particular circumstances (Doc. No. 9, p. 10-18). Reeves points to his frequent efforts to obtain a speedy retrial and suggests that he served a longer term in Nevada because he was not paroled by Nevada authorities while he was in Illinois. He also maintains that his transfers from Nevada to Illinois to Nevada were oppressive and generated anxiety (Doc. No. 10).

Here, the state court concluded on the evidence that Petitioner's right to a speedy trial was not violated. The length of delay from the time of the Appellate Court's mandate and the Petitioner's arrival in Illinois was over two years, and the length of time between the Petitioner's return to Illinois and the re-trial was over two years. During the first two years, Petitioner was serving a sentence in Nevada for other unrelated offenses. The Petitioner contributed himself to

the delay after being returned to Illinois. He filed numerous motions, including two motions for substitution of judges. He requested new counsel or asked to proceed without counsel on several occasions.

In evaluating Reeve's speedy trial claim, the Appellate Court concluded that his case was not ignored by the State during the two year delay following remand. *See* Doc. 10-1 at 18. "The record shows that the process to bring Defendant back to Illinois for retrial was started as early as December 2, 2003, one month after his case was remanded." *See* Doc. 10-1 at 18-19. As on December 2, 2003, there was a status hearing on the case where the court appointed counsel and a bench warrant was issued. On February 26, 2004, the Petitioner was appointed additional counsel. On September 28, 2004, Defendant's attorney was instructed to find out the Petitioner's release date from Nevada prisons. On October 6, 2004, the Petitioner filed a motion to dismiss, but the motion was *pro se*, and the Petitioner was represented by counsel. Petitioner's attorney filed an amended motion to dismiss with prejudice alleging violation of speedy trial. During this time, the record shows the State's attorney was continuing with extradition proceedings. The Petitioner had the ability to move the process along if he chose. He failed to contact his attorneys concerning the detainer process, and failed to respond to communications pertaining to waiving extradition. *See* Doc. 10 at 2. When the Petitioner did respond, it was with an improper motion to dismiss.

The Petitioner's asserted his right to a speedy trial in a manner that was ineffective. When he filed his motion to dismiss, he did not properly assert his right to a speedy trial because he was represented by counsel. A represented defendant cannot simultaneously proceed *pro se* and by counsel. *People v. Flynn*, 792 N.E.2d 527, 535 (2003). Although Petitioner's attorney filed an amended motion to dismiss, the amended motion did not demand a right to a speedy trial.

The Illinois Appellate Court reasonably determined that the delay did not result in prejudice.  Petitioner's position was that an examining psychiatrist could not properly determine whether he was insane at the time of the kidnapping and sexual assaults.  The Illinois Appellate Court rationally ascertained that "if they had accepted the defendant's [petitioner] argument, there would have been no purpose for the remand in the first place."  *See* Doc. 10-1 at 19.  At the time of the remand, three years had already passed since the offenses took place, and Petitioner was evaluated by a psychiatrist in Nevada shortly after his arrest.  The psychiatrist had found Petitioner suffered from paranoid schizophrenia.  The psychiatrist in Illinois was able to use this evaluation as the basis for his conclusion that the Petitioner was mentally ill at the time of the offenses.  The Illinois Appellate Court was entitled to conclude, after weighing the *Barker* factors, "that even though the delay between remand and retrial may have been lengthy, the defendant's [petitioner] constitutional right to a speedy trial was not violated." *Id*. at 20.

Reeves has not met his burden showing that the Illinois Appellate Court was unreasonable in its assessment of facts, nor has he shown that the application of federal law was unreasonable. *See Sturgeon,* 552 F.3d 604, 609 (7th Cir. 2009).

IT IS RECOMMENDED that Count 8 of the § 2254 petition (Doc. No. 1) be DENIED.

SUBMITTED:   September 12, 2013 .

s/Philip M. Frazier
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE
